Matter of Barrera (2023 NY Slip Op 04636)

Matter of Barrera

2023 NY Slip Op 04636

Decided on September 14, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 14, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick
Sallie Manzanet-Daniels Jeffrey K. Oing Martin Shulman Bahaati E. Pitt-Burke

Motion No. 2023-02823 Case No. 2023-00746 

[*1]In the Matter of Naomi Barrera, (Admitted as Naomi C. Silie) An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Naomi Barrera (OCA Atty. Reg. No. 4098489), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Naomi C. Silie, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 10, 2003.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Hal R. Lieberman, Esq., for respondent.

PER CURIAM 

Respondent, Naomi Barrera, was admitted to the practice of law in the State of New York by the First Judicial Department on April 10, 2003, under the name Naomi C. Silie. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
On October 6, 2022, respondent pleaded guilty in Supreme Court, New York County, to petit larceny in violation of Penal Law § 155.25, a class A misdemeanor. On December 22, 2022, respondent was sentenced to a one-year conditional discharge upon her payment of $30,000 in restitution pursuant to a forfeiture stipulation.
Respondent's conviction stemmed from her acceptance of $30,000 in improper payments from a nonprofit charitable organization which employed her as its President and CEO commencing in April 2014. Respondent accepted the position when her longtime colleagues and mentors, who were the nonprofit's Board Chair and General Counsel, asked if she was interested in it.
In her capacity as President and CEO of the nonprofit, respondent did not have the authority to sign checks or make decisions regarding finances. Rather, the Board Chair had sole authority over all financial decisions. Soon after she began at the nonprofit, respondent successfully obtained funds from New York City that ensured that the nonprofit could pay its outstanding bills to various vendors and its employees.
In December 2014, respondent received, in addition to her regular contractual salary, a check for $10,000, which was purportedly an end of the year recognition of her job performance. One week later, respondent received another check for $7,500 for "services rendered," again purportedly in recognition of her job performance. Before accepting and depositing these checks, respondent consulted with the General Counsel as to the checks' propriety, and was allegedly told that they reflected "normal services rendered checks." Respondent also understood that the Board Chair approved the payments.
In July 2015, after respondent successfully obtained additional funds for the nonprofit, she received another check for $12,500. The General Counsel again assured respondent that the payment was for services rendered and respondent deposited the monies in her personal bank account.
On or about July 31, 2019, respondent was arrested, along with several other individuals associated with the nonprofit and related entities[*2]. She learned that she was not, in fact, entitled to the payments totaling $30,000 that she received from the Board Chair. At her plea allocution, respondent stated that she "received money that [she] was not authorized to receive" and that "[the Board Chair] gave [her] the money." This Court previously determined that the offense for which respondent pleaded guilty was a "serious crime" within the meaning of Judiciary Law § 90(4)(d) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(2). Respondent conditionally admits that, by virtue of her conduct and resulting conviction, she violated New York's Rules of Professional Conduct (22 NYCRR 1200.0).
In pursuing this motion, the Attorney Grievance Committee and respondent stipulated that there are no factors in aggravation. The parties also stipulated to several factors in mitigation, including: respondent's good faith belief and reliance that she could accept the payments; respondent's unconditional admission that her conduct was wrong as well as her acceptance of full responsibility for her actions; respondent's prior unblemished record at the bar; respondent's full and complete cooperation with the criminal justice and disciplinary authorities; prompt restitution; evidence of good moral character through the testimony under oath of reputable character witnesses; and pro bono and community service (see ABA Standards for Imposing Lawyer Sanctions § 9.32). Additionally, respondent has been a dedicated and generous member of her community.
The parties ask this Court, by joint motion and upon consent of the parties, to publicly censure respondent pursuant to 22 NYCRR 1240.8(a)(5) (see e.g., Matter of Simpkins, 163 AD3d 195 [1st Dept 2018] [imposing censure]; Matter of Samuel, 103 AD3d 134 [1st Dept 2013]; Matter of Gallagher, 97 AD3d 254 [1st Dept 2012].
In the factually similar case of Matter of Parise (199 AD3d 94 [1st Dept 2021]), Parise — the executive director of a nonprofit organization — distributed approximately $51,984 to herself without authorization from the organization's board of directors (id. at 96). Upon the organization's discovery of the missing funds, Parise entered into a restitution agreement to repay the full amount (id.). At the time of her sentencing, Parise still owed $40,000 in restitution (id.). The parties moved jointly for discipline by consent, and this Court granted the motion, suspending Parise for nine months (id. at 97).
Respondent's conduct here is less egregious than in Parise. Respondent was not the initiator of the misappropriations, and instead received the payments from the Board Chair, who later pleaded guilty to felony charges. Respondent also made full restitution prior to her sentencing.
Public censure, as requested by the parties, is the appropriate sanction. Accordingly, the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and a public censure will be imposed.
All concur.
It is [*3]Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240(a)(5) is granted and
It is further Ordered that respondent Naomi Barrera, admitted as Naomi C. Silie, is publicly censured for the underlying misconduct.
Entered: September 14, 2023